**FILED**

DEC 11 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

H. H. (SHASHI) KEWALRAMANI (TXSBN 00796879)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3717
Facsimile: (510) 637-3724
E-mail: shashi.kewalramani@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4-07-70735 |
| Plaintiff, | APPLICATION FOR ISSUANCE OF MATERIAL WITNESS ARREST WARRANT FOR DAVID ALBERTO MARTINEZ-GONZALEZ |
| v. | |
| DAVID ALBERTO MARTINEZ-GONZALEZ, | |
| Material Witness. | |

The government hereby makes this application in support of its request for the issuance of a material witness arrest warrant pursuant to 18 U.S.C. § 3144 for DAVID ALBERTO MARTINEZ-GONZALEZ. This request is supported by this application and the affidavit of Immigration and Customs Enforcement ("ICE") Special Agent Brian L. Ginn. This warrant is sought in connection with testimony material to <u>United States v. Julio Lopez-Morales,</u> CR 07-00777 MJJ, filed on December 7, 2007.

Section 3144 of Title 18 of the United States Code provides for the issuance of an arrest warrant for a material witness upon a showing that (1) "the testimony of the person is material in a criminal proceeding," and (2) "it may be come impracticable to secure the presence of the

Document No.

District Court
Criminal Case Processing

1  person by subpoena."[1] As set forth more fully in the accompanying affidavit and summarized
2  below, DAVID ALBERTO MARTINEZ-GONZALEZ qualifies as material witnesses under 18
3  U.S.C. § 3144.
4      On July 20, 2007, JULIO LOPEZ-MORALES was charged via criminal complaint in the
5  Northern District of California with a violation of Transportation of an Alien (8 U.S.C.
6  1324(a)(1)(A)(ii)).  LOPEZ-MORALES was subsequently arrested by ICE agents in Mesa, AZ
7  on August 30, 2007.  On December 7, 2007, LOPEZ-MORALES waived his right to be charged
8  by an indictment, and the United States filed an Information charging LOPEZ-MORALES with
9  conspiracy to illegally transport an alien for commercial advantage and private financial gain and
10 hostage taking, in violation of 18 U.S.C. § 371, and illegally transporting an alien for commercial
11 advantage and private financial gain, in violation of 8 U.S.C. § 1324.  LOPEZ-MORALES was
12 arraigned on this Information and the next hearing is set for January 18, 2008 before U.S. District
13 Judge Martin J. Jenkins.
14     The government believes MARTINEZ-GONZALEZ's testimony is material to the
15 criminal proceedings for a number of reasons, including the following: (1) In January 2007,
16 MARTINEZ-GONZALEZ paid to have his girlfriend and infant son smuggled from Guatemala
17 to Oakland, CA; (2) during January and February 2007, MARTINEZ-GONZALEZ
18 communicated with individuals believed to be in Mexico and the United States to effect his
19 girlfriend and son's smuggling into the United States; (3) On February 2, 2007, MARTINEZ-
20 GONZALEZ met with LOPEZ-MORALES at a Walgreen's parking lot in Oakland, CA after
21 LOPEZ-MORALES had driven MARTINEZ-GONZALEZ's girlfriend and infant son from
22 Arizona as part of their smuggling journey; (4) LOPEZ-MORALES, in conjunction with the
23 smuggler of MARTINEZ-GONZALEZ's girlfriend and infant son in Mexico, demanded
24 additional smuggling money from MARTINEZ-GONZALEZ for the release of his girlfriend at

---

[1] Specifically, § 3144 provides in part, "[i]f it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title."

2

that time; (5) LOPEZ-MORALES drove away with MARTINEZ-GONZALEZ's girlfriend after he did not agree to pay the additional smuggling fee, separating MARTINEZ-GONZALEZ's girlfriend from their infant son whom family members of the girlfriend had managed to extricate from the smuggling vehicle LOPEZ-MORALES was driving; (6) MARTINEZ-GONZALEZ subsequently provided ICE agents and Oakland Police Department Officers with the telephone number for LOPEZ-MORALES, the tracking of which led to the rescue of MARTINEZ-GONZALEZ's girlfriend on February 2, 2007 in Fairfield, CA; and (7) MARTINEZ-GONZALEZ made a positive identification of LOPEZ-MORALES from a photographic line-up display as being the smuggler who took his girlfriend[2] from him.

MARTINEZ-GONZALEZ is a Guatemalan national who last entered the United States without inspection on an unknown date. On October 31, 2003, MARTINEZ-GONZALEZ was previously deported from the United States to Guatemala.

Following the rescue of his girlfriend on February 2, 2007, MARTINEZ-GONZALEZ was granted a Significant Public Benefit Parole[3] in the United States as a witness in the investigation and prosecution of LOPEZ-MORALES. On October 15, 2007, MARTINEZ-GONZALEZ was arrested by the Richmond, CA Police Department and ICE Agents for one felony count of California Penal Code § 273.5 - Inflict Corporal Injury On Spouse/Cohab. The victim was identified as MARTINEZ-GONZALEZ's girlfriend that was the person involved in the February 2, 2007 incident. As a result of the arrest, on October 16, 2007, the ICE Parole and Humanitarian Assistance Branch cancelled MARTINEZ-GONZALEZ's Significant Public Benefit Parole status.

On December 7, 2007, MARTINEZ-GONZALEZ pleaded guilty in the Superior Court of

---

[2] During interviews with law enforcement agents, MARTINEZ-GONZALEZ referred to his girlfriend as his wife. The relationship was later clarified and it was confirmed that MARTINEZ-GONZALEZ was the boyfriend of the person LOPEZ MORALES drove from Arizona to Oakland, CA.

[3] A Significant Benefit Parole allows a foreign national without legal status in the United States to be present in the United States for a purpose such as serving as a witness in a criminal investigation and prosecution.

1 | California, Contra Costa County, to a misdemeanor violation of California Penal Code § 273.5 -
2 | - Inflict Corporal Injury On Spouse/Cohab. On December 11, 2007, MARTINEZ-GONZALEZ
3 | was released to the custody of ICE based on an immigration hold placed as a result of the
4 | cancellation of his Significant Public Benefit Parole status.
5 |     Additionally, based on the cancellation of his Significant Public Benefit Parole,
6 | MARTINEZ-GONZALEZ is eligible for a Reinstatement of his prior Order of Removal from the
7 | United States, upon which he would be removed by ICE from the United States to Guatemala.
8 | Once in Guatemala, MARTINEZ-GONZALEZ would be beyond the subpoena power of the
9 | Court. Therefore, the United States requests that the Court to issue a material witness arrest for
10 | MARTINEZ-GONZALEZ pursuant to 18 U.S.C. § 3144.

DATED: December 11, 2007          Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

H. H. (SHASHI) KEWALARAMANI
Assistant United States Attorney